UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MISTI BATTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:13-cv-1017 |
| | ) |
| CITY OF ALEXANDRIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT CITY OF ALEXANDRIA

COMES NOW defendant City of Alexandria ("City"), a municipal corporation of Virginia, by counsel, and for its Answer to the Complaint herein, states as follows:

1. The City admits allegations contained in paragraph 1 of the Complaint

2. The City denies allegations contained in paragraph 2 of the Complaint.

3. The statements contained in paragraphs 3, and 4 set forth conclusions of law to which no responsive pleading is required. To the extent that any allegations of fact are included in these paragraphs, defendant City denies each such allegation.

4. The City admits allegations contained in paragraph 5 of the Complaint.

5. Upon information and belief, the allegations of paragraph 6 are admitted.

6. The City admits allegations in paragraph 7 of the Complaint.

7. Regarding paragraph 8, the City admits Plaintiff was hired on December 4, 2004, as a Police Officer I and promoted to Sergeant on January 8, 2011. The City denies the remaining allegations in paragraph 8 as currently phrased in the Complaint.

8. The City admits allegations in paragraph 9 of the Complaint.

9. Regarding paragraph 10, the City denies Lieutenant Bartlett never brought up the

issue of leave taken by plaintiff, even when plaintiff took one week of leave in order to move. The City admits the remaining allegations contained in paragraph 10 of the Complaint.

10. Regarding paragraph 11, the City admits the plaintiff came under the supervision of Lieutenant Shirl Mammarella when plaintiff transferred to work the night shift. The remaining allegations of paragraph 11 are denied, as currently phrased in the Complaint.

11. Regarding paragraph 12, the City admits that plaintiff informed Lt. Mammarella on August 19, 2011, she would be taking a few days of family sick leave to care for her husband following surgery. Upon information and belief, the City admits the remaining allegation of paragraph 12.

12. Regarding paragraph 13, the City denies the allegation Lt. Mammarella told plaintiff her leave balances were too low for someone with her "amount of time on." The City is without information sufficient to form a belief as to the accuracy of the remaining allegations contained in paragraph 13, and is unable to admit or deny these allegations.

13. The City admits the allegations of paragraph 14.

14. Regarding paragraph 15, the City admits the allegation plaintiff was out on leave from August 21, 2011 through September 1, 2011. The City is without information sufficient to form a belief as to the accuracy of the remaining allegations contained in paragraph 15, and is unable to admit or deny these allegations.

15. The City denies the allegations contained in paragraph 16.

16. The City admits the allegations of paragraph 17.

17. Regarding paragraph 18, the City admits that Lt. Mammarella rated plaintiff as "Below Requirements" for "Reliability" and "Responsibility," and that Lt. Mammarella noted plaintiff's leave balances were "seriously low." The City is without

information sufficient to form a belief as to the accuracy of the remaining allegations of paragraph 18 and is unable to admit or deny these allegations.

18. The City admits the allegations of paragraph 19 of the Complaint.

19. Regarding paragraph 20, the City admits Lt. Mammarella signed off on every leave request for the plaintiff. The City denies the remaining allegations of paragraph 20 of the Complaint.

20. The City admits the allegations of paragraph 21.

21. Regarding paragraph 22, the City admits Lt. Mammarella informed plaintiff she intended to recommend a 90-day extension of her probationary period. The City denies the remaining allegations of paragraph 22.

22. The City admits the allegations contained in paragraphs 23 of the Complaint.

23. Regarding paragraph 24, the City admits Deputy Chief recommended plaintiff be returned to the position of Police Officer II and based this decision on the "Below Requirements" ratings Lt. Mammarella gave plaintiff in the categories of "Quality of Work," "Responsibility," and "Reliability."

24. Regarding paragraph 25, the City denies plaintiff was demoted but rather returned to her previous position of Police Officer II. The City admits the remaining allegations contained in paragraph 25 of the Complaint.

25. The City admits the allegations contained in paragraph 26 of the Complaint.

26. The City denies the allegations of paragraph 27.

27. Regarding paragraph 28, the City admits Lt. Mammarella stated plaintiff's notice of leave was either same-day or short notice leave. The City admits the language noted as to City Administrative regulation 6-18. The City denies the remaining allegations of paragraph 28.

28. The City denies the allegations contained in paragraph 29, 30, 31, 32, and 33.

29. Regarding paragraph 34, the City admits the allegations of paragraph 34 as to what Lt. Mammarella rated plaintiff and stated in her evaluation. The City denies the remaining allegations contained in paragraph 34.

30. The City admits the allegations contained in paragraphs 35 and 36.

31. Regarding paragraph 37, the City admits Lt. Mammarella gave plaintiff a "Below Requirements" rating in the category of "Responsibility" and the definition of "Responsibility" according to the Alexandria Police Department. The City further admits Lt. Mammarella stated plaintiff's leave usage made it so that she was not regularly available for her officers and that plaintiff did not keep other sergeants informed of changes in the assignments or hours of her officers. The City denies the remaining allegations contained in paragraph 37 of the Complaint.

32. The City is without information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 38, and is unable to admit or deny these allegations.

33. The City denies the allegations contained in paragraph 39.

34. The City admits the allegations contained in paragraphs 40 and 41.

35. The City denies the allegations contained in paragraphs 42 of the Complaint.

36. Regarding paragraph 43, the City admits there are no positions between a Police Officer and a Sergeant. The City denies the remaining allegations contained in paragraph 43 of the Complaint.

37. Regarding paragraph 44, the City admits that plaintiff was informed in September 2012 she could have put her name on an eligibility list for elevation in rank and was given elevation and an increase in pay was made retroactive to September 2012. The City denies the remaining allegations contained in paragraph 44.

38. The City admits the allegations contained in paragraph 45.

**Count I: Violation of the FMLA: Interference with the Exercise of Rights**

39. The City repeats, and incorporates herein by reference, its foregoing responses to paragraphs 1-45 of the Complaint.

40. The statements contained in paragraphs 47, 48, and 49 set forth conclusions of law to which no responsive pleading is required. To the extent that any allegations of fact are included in these paragraphs, the City generally denies each such allegation.

41. The City admits the allegations contained in paragraph 50.

42. The statements contained in paragraphs 51, and 52 set forth conclusions of law to which no responsive pleading is required. To the extent that any allegations of fact are included in these paragraphs, the City generally denies each such allegation.

43. Regarding paragraph 53, the City admits it has taxing authority. The remaining statements contained in paragraph 53 set forth conclusions of law to which no responsive pleading is required. To the extent that any allegations of fact are included in this paragraph, the City generally denies each such allegation.

44. The statements contained in paragraphs 54, 55, 56, 57, and 58 set forth conclusions of law to which no responsive pleading is required. To the extent that any allegations of fact are included in these paragraphs, the City generally denies each such allegation.

45. The City is without information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 59, and neither admits nor denies these allegations.

46. The statements contained in paragraphs 60, 61, 62, 63, 64, 65, 66, 67, 68, and 69, set

forth conclusions of law to which no responsive pleading is required. To the extent that any allegations of fact are included in these paragraphs, the City generally denies each such allegation.

47. The City denies the allegation contained in paragraph 70.

48. The statements contained in paragraph 71 set forth conclusions of law to which no responsive pleading is required. To the extent that any allegations of fact are included in this paragraph, the City generally denies each such allegation.

49. Regarding paragraph 72, the City admits the language stated as to the City's Administrative Regulations. The remaining statements contained in paragraph 72 set forth conclusions of law to which no responsive pleading is required. To the extent that any allegations of fact are included in the remaining paragraph, the City generally denies each such allegation.

50. The City denies the allegations contained in paragraphs 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, and 85 and demand strict proof of all injuries and damages alleged.

## Count II: Violation of the FMLA: Retaliation

51. The City repeats, and incorporates herein by reference, its foregoing responses to paragraphs 1-85 of the Complaint.

52. The City denies the allegations contained in paragraphs 87, 88, 89, 90, 91, 92, 93, and 94 set forth and demand strict proof of all injuries and damages alleged.

## County III: Violation of Title VII

53. The City repeats, and incorporates herein by reference, its foregoing responses to paragraphs 1-94 of the Complaint.

54. The statements contained in paragraphs 96, 97, 98, 99, and 100 set forth conclusions

Case 1:13-cv-01017-CMH-TCB Document 4 Filed 11/12/13 Page 7 of 9 PageID# 43

of law to which no responsive pleading is required. To the extent that any allegations of fact are included in these paragraphs, the City generally denies each such allegation.

55. The City admits the allegations contained in paragraph 101.

56. The City is without information sufficient to form a belief as to the accuracy of the allegations contained in paragraph 102, and neither admits nor denies these allegations.

57. The City is denies the allegations contained in paragraphs 103, 104, 105, and 106.

58. The City admits the allegations contained in paragraph 107.

59. The City denies the allegations contained in paragraph 109 set forth and demand strict proof of all injuries and damages alleged..

### First Defense

The Complaint fails to state a claim or cause of action for which relief may be granted against the City.

### Second Defense

The City is shielded by the doctrine of sovereign immunity from liability for the claims and causes of actions alleged in Counts I and II of the Complaint.

### Fourth Defense

The Complaint fails to allege facts that are sufficient to suggest the existence of an unconstitutional policy or custom of the City that was the moving force behind the injuries and damages alleged by the plaintiff, thereby failing to state a claim or cause of action pursuant to 42 U.S.C. § 1983 against the City for the alleged violation of plaintiff's constitutional or federal statutory rights.

Page 7 of 9

### Fifth Defense

The Complaint fails to allege facts that are sufficient to plead a claim or cause of action, pursuant to 29 U.S.C. § 2601, against the City for interference of her rights in violation of the plaintiff's constitutional or federal statutory rights.

### Sixth Defense

The Complaint fails to allege facts that are sufficient to plead a claim or cause of action, pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, against the City for gender discrimination in violation of plaintiff's constitutional or federal statutory rights.

### Seventh Defense

The City intends to rely upon any and all additional affirmative defenses that come to light as discovery and trial in this action proceed.

WHEREFORE, having fully answered, defendant City of Alexandria respectfully requests that the Complaint be dismissed with prejudice insofar as it pertains to the City, and that the Court provide such other relief to the City as it deems just and proper.

    CITY OF ALEXANDRIA, a
    municipal corporation of Virginia
    By Counsel

*/s/ George McAndrews*
James L. Banks, Jr., City Attorney, VSB No. 28052
George McAndrews, Assistant City Attorney, VSB No. 23618
Meghan S. Roberts, Assistant City Attorney, VSB No. 78983
Office of the City Attorney
301 King Street, Suite 1300
Alexandria, Virginia 22314
(703) 746-3750
(703) 838-4810 (fax)
Meghan.roberts@alexandriava.gov
Counsel for Defendant City of Alexandria

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that that a true copy of the foregoing was sent by electronic mail and mailed, postage pre-paid, on the 12th day of November, 2013, to the following party in interest, in addition to service on this party enabled to receive electronic service of filings through the Court's ECF system:

Valerie A. Chastain, Esquire, VSB No. 70887
McKinney & Associates, PLLC
1625 Prince Street, Suite 230
Alexandria, Virginia 22314
Office: (703) 717-9428
Facsimile: (877) 590-4777
Email: valeriechastain1@gmail.com

/s/ George McAndrews
George McAndrews